I am Michael J. Tremann. I am the attorney representing Mr. Fowles. I represented Mr. Fowles both at the district court level and in our prior appearances before this court when this court reversed the sentence in his case, making a determination that he was not a career offender. The government, however, now seeks to have the court, in essence, reconsider that determination under a new theory that they did not advance both in the district court originally or before this court when we previously appeared before Your Honor on the very same issue. Counsel, I have one quick question. It will be very simple, I think. In the factual statement of this plea, the government said he authorized a hit on X and then participated in it. Hit. Does that mean, in your mind, were they saying he authorized murder and then participated in the assault? Or does it mean something else? I don't equate the concept of a hit in a gang setting as necessarily being the same thing as authorizing the commission of a murder. I don't disagree that the nature of the activity contains a certain risk that, depending upon the results of the activity, might result in a murder charge. Well, I mean, realistically, but I mean, would he jump out from behind the cell block and go boo? I mean, but, you know, I mean. Well, Your Honor, I've handled a number of these cases for a number of different prison gangs in particular. And the concept of a hit, in essence, means exactly what it says. It's a physical blow to be struck against whoever the individual is that's the subject of it. It's not just scaring that particular individual. But by the same token, a hit does not always mean that it's not successful or it hasn't been accomplished unless, in fact, the victim is killed. It is, as I said before, I don't dispute that there is a risk of death in the nature of the activity in most of these cases. But the idea of the hit is to take some kind of a clear, physical, demonstrative action against the particular individual and actually to carry that out. Does it make a difference that the indictment pleads that hit means murder? I don't think that it makes a difference. Okay. As a practical matter, in this case, the issues had to do with attempted murder as opposed to a killing. And the relevance of that comes up in the second argument that we have made to the Court. That second argument, I think, is the most interesting at a certain level because I believe it raises a couple of fundamental questions that have not been addressed. One of those fundamental questions is this issue of what do you look to in a career offender setting in order to determine the maximum penalty for career offender purposes. There does not appear to be any clear guidelines one way or another with regard to that. As we have argued, for other purposes, the guidelines say look to the most closely analogous federal guideline or statute. And in this case, there would be an attempted murder federal statute, and that would have provided a 20-year maximum. The government's contrary argument, which raises the second issue, is that you look to the underlying state court for its determination of what the maximum sentence is. But as we pointed out, in a federal setting, taking that approach raises the very real specter of the fact that exactly the same conduct gets punished differently, simply depending upon the nature of the underlying state maximum sentence. And I think for federal sentencing purposes, looking, therefore, to the state doesn't make sense where you can get a variety of results by that process. Well, can we consider, all right, that, you know, what are the parameters in terms of where we can see? Here you have the accusatory pleading says attempted murder. And under California, the attempted murder can either be where there's a maximum of, what, nine, or there's a life sentence. And the life sentence requires, what, willful, deliberate, and premeditated, correct? Yes. All right. Then you also have, you know, we have as part of the record the whole plea colloquy, where your client wanted to just admit assaults, and there's a discussion right there that, yeah, the reason he wants to admit assaults is because that takes him out of the exposure of the life sentence on the underlying, the predicate offense. And so we have this whole discussion that goes on, and there's also the factual basis. It would seem to me that the factual basis fairly well covers the premeditation, because they talk about that, you know, they come to him before, you know, how about this. So it's not something that just kind of came up on the spot. And he also knows that it's to an attempted murder. So can we consider that whole plea colloquy? I know your position is that we're limited to the actual accusatory pleading, right? Because if you go to California state law, that's what California state law says. So if you're going to look to California state law to determine the maximums where there are two, as your honors indicated, then I submit you've got to look to California law. And in this case, the accusatory pleading didn't cover what was required under California law. Well, it gave him notice that it was an attempted murder. And if you have notice of an attempted murder, it can be the nine-year variety or it can be the life variety. Then his plea colloquy, if you take that into it, he acknowledges that he knows his admission is the life variety. So we did not concede that that was the case. In fact, we specifically reflected at the time of a plea colloquy that we didn't agree with that analysis. But if I may go back just a second to your honors' question, it is not under California law a notice requirement. It's an element requirement, and we set out the reasons for that in the cases that say that in our reply brief, including the cases that reversed the case that the government relied on for its notice argument. It's an element that's required to be pled, not simply something that the prosecutor can walk in and say to a defendant and have it be so. It wasn't pled. It's an element. Therefore, under the cases we've cited, I don't believe we can follow that. Let's say we buy your argument. Then if your client goes back, then he still is looking at you're saying then it's the 9-year. But then if it's the 9-year or the 20-year, the 20-year is the greater. So then the court would go by the 20-year, right, on remand? The original position that we advanced both in the district court and before this court every time we've been here has been that what this court should advocate is, is that you look to the closely analogous federal statute for the reasons we set out. That provides a level of consistency, and quite frankly, it's the only approach there. So would that be the 20-year then? That would be the 20-years. If the court took the position, no, we're not going to look at that. We're going to look at the state law. Then I think we get into the 9-year level. But to be honest with the court, we've always advanced the theory that it's supposed to be a 20-year because of the applicable federal. So if you go back on the 20-year, what sort of difference does that make in your sentence? It eliminates, it changes the sentencing range by a substantial number of months that we set out in the brief. You could go from 275 down to 240. Would that be your best? I'm sorry, Your Honor, I don't have that right at the top of my head. Let me ask you, is he also still serving his state sentence? He has just finished serving his state sentence and has now been transferred to federal custody. There's no state holds on him? Not that I'm aware of. The state sentences that he was serving at the time that he was brought into the federal court on this case, he went back and finished. Gotcha. So other than, I mean, I don't know if he was on a probation or a parole from something and somebody's got a hold out there. But in terms of the sentences, those state sentences have all been served. He's now in federal custody. You've got about a minute left. Did you want to save that for rebuttal? Yes, thank you. Thank you so much. Good morning. Good morning. I may please the Court. I'm Kevin Lally on behalf of the government. Before getting deep into the argument, I would just like to address a couple of questions raised by the Court. First. Maybe you can incorporate in this, as an old California judge or might be a former California judge, that counsel for the appellant raises a point in terms of that if you want to convict someone of the life one, that it has to be, you know, the jury's got to make a finding or the court has to make a finding that it was willful, deliberate, and premeditated, separate and apart, before you can, you know, that would be something that the jury would have to find. Well, under Apprendi, it's either the jury would have to find or the defendant would have to admit. Right. And as Your Honor noted earlier, the plea colloquy is quite elaborate on the issue. And as to the issues of premeditation, deliberation, and willfulness, the defendant admitted that he was the shot caller, that he essentially planned these attempted murders, that he recruited other individuals to assist him, that they prepared weapons, which they subsequently used, and that they had this, and they had. We're talking about California law. The statute that sets the penalty in California law says you must plead premeditation and the trier of fact must find it. That's what it says in the attempt statute in California. I believe that's what you're being asked about. Not Apprendi, but what you need to get a life sentence under California law. And as to that second issue, to address the question that Judge Callahan was asking, at the end of the plea colloquy, the district court accepted the factual basis as presented at the hearing. And then in the sentencing proceeding, when the defendant raised many of the issues that he raises now before this court, the district court indicated that specifically that it had found premeditation as well. You're missing the question I'm trying to ask anyway. Under California law, you must plead premeditation, or else you cannot find the person guilty of premeditated attempted murder with a life sentence. Do you agree with that? Under California state law. Under California's law on attempt, there are two kinds, there are two possible attempted murders. One is premeditated, which can allow a life sentence, but requires that it be pled premeditated and that the trier of fact find premeditation. So the question isn't what the district court said. The question is, what do you do with that since you did not plead premeditation? And I'll focus my answer now as to the sufficiency of the pleading and not to what the finder of fact found. For the moment, let's do that. As to the sufficiency of the pleading, the government would submit that while the defendant keeps referring to it as an element, it is an issue of notice. It does not plead premeditation. I'm talking about California law doesn't say is there notice, it says you must plead it. California law so states that you must plead it. Yes. Under the RICO statute and the purpose to which that provision becomes applicable under the RICO statute, it goes to the sentencing issue. And it's strictly to provide the defendant with notice as to what the sentence would be. Well, let me ask you about that. Not only did you not plead it, but the indictment charges Section 187 rather than 189. And 187 is the non-premeditated version of murder. Well, 187 is the general provision of murder, and 189 is the provision of California state law that sets the various degrees of murder. Right. 189 says willful, deliberate, and premeditated killing is the first degree. Everything else is second degree. And your indictment refers to 187. But once again, 187 is the general murder provision where 189 then divides that. What I'm trying to follow up is on Judge Fernandez's question. Not only did you not plead it, but you referenced the other section. That does not include willful, deliberate, and premeditated killing. The government would respectfully submit that for purposes of providing notice as to the possible statutory maximum that it was properly pled. I mean, if you put 189, I'd see your argument. Because you could say, look, we refer them to 189, and 189 you can have a killing that's willful, deliberate, and premeditated. But instead, you direct them to 187, which is the non-willful, deliberate, and premeditated variety of murder. You would say. What's your answer to that? Well, it's my understanding of California state law, and my practice is primarily Federal or exclusively Federal, but it's my understanding of those provisions that 189 effectively subdivides the murder referencing 187. Well, I can tell you that California prosecutors would not only say it. It is further alleged that the attempted murder was willful, deliberate, and premeditated to put the person on notice that they were facing a life sentence. But my question is, can we really? I think the accusatory pleading in and of itself is not enough. Can we? But the language of the statute says and. It says the accusatory pleading and. So if the accusatory pleading is not sufficient in and of itself, can we incorporate the rest of it in to make it sufficient? Well, I would just briefly like to address the question as to whether or not the accusatory pleading is sufficient. Because under RICO, it says that the statutory maximum sentence is 20 years or life if the racketeering acts under which the RICO conviction is brought includes a, or the maximum sentence includes life in prison. And that's what we have here. Under 664, which is the attempted murder statute,  And so the government would submit that it was sufficiently plagued for purposes of notice. In fact, as demonstrated by the defendant's conduct in this case, as well as his submission that if this were not done under the queer offender guidelines, then the appropriate base offense level would be a 28 as a first degree, which would be under the guidelines for an attempted first degree murder. You know, it's two or three little words. I should think that maybe in the future, anyway, the government would want to say premeditated or at least refer to 189 if it wants to pick up the life sentence in California. Because you say includes, but California attempted murder purely does not include life imprisonment. It makes it a lousy nine years. But without premeditation. But the statute reference in the pleading itself, 664, does include it. And so for purposes of providing the defendant with notice such that he could prepare. It says that the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment. The racketeering activity, which is an attempted murder, not premeditated, doesn't include life imprisonment in California, does it? Under California state law, it does not. But that's what we're keen on. That's the racketeering activity we're talking about. That's correct. And the government would submit that by citing 664, it's subsumed both. So that it referenced the statute and included within the statute that an offense for which the statutory maximum penalty would be life imprisonment. I understand. Quickly segueing to a question that Your Honor asked, you asked the court what would be the potential sentence for the defendant, at least for the statutory maximum sentence, even if the court were to find against the government as to the life statutory maximum. The defendant still was convicted of two separate RICO offenses, each bringing 20-year statutory maximum sentences. And so he would face a potential sentence of up to, or he could face a potential sentence of up to 40 years imprisonment. Let me just ask you this. For purposes of argument, let's assume that we don't agree with your argument on the attempted murder. Do we need to address the other, still need to address the other issues that are before the court? In terms of, you don't need, if you would just. This case has been like a yo-yo. We're tired of seeing both of you. Well, then I can respectfully submit that I'm tired of being here. But in terms of how it should proceed, or actually I better say that I'm tired of the case. No. I asked for it. Yes. So you're okay. But with, may I continue? Yes. Complete the answer. Should the court conclude that the statutory maximum sentence isn't life in prison, then Your Honors need not determine the issue as to whether or not you would use the analogous Federal offense in determining the statutory maximum sentence for the various racketeering acts, which is the overwhelming majority of the issues. And actually, as to the issues on this appeal right now would also resolve the issue as to whether or not there was any error with respect to conducting a full remand on resentencing. However, the government would respectfully submit that the matter should be sent back to state court, or state court, to the district court for resentencing, as the defendant himself requests in his papers, because there are a host of issues relating to the nature of the injuries, as to the reasonableness of the sentence, which the defendant doesn't contest, which could ultimately impact or significantly impact the sentence that this particular defendant would receive. And you have to go to a new judge, too, right? Because Judge Civelli is gone. That's correct. Thank you very much, Mr. Loewy. Freeman, you've got about a minute left, sir. Awesome, Your Honor. Thank you. Thanks, both gentlemen. I'm happy to see you. I don't care what everybody else does. The case just argued is submitted. Thank you, and good morning. You just want to be more popular. 0850208, United States v. Fernandez-Serrano, is submitted on the briefs, as is 0750535, United States v. Bell. Next case, then, to be argued is 0755822, William Hublinski Architecture v. Amir Construction. Each side will have 20 minutes. Thank you.
judges: Fernandez, Silverman, Callahan